**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| NATIVIDAD R. CANTU, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-353-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court in this habeas corpus action is Respondent's Motion for Partial Summary Judgment (Docket No. 8). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket Nos. 4, 6, & 7). In his Motion, Respondent seeks dismissal of Petitioner's Claims One, Three, Four, Five and Six. *Respondent's Motion for Partial Summary Dismissal*, pp. 1–2 (Docket No. 8). Petitioner filed a second Motion for Extension of Time to File Response to Motion for Partial Summary Dismissal (Docket No. 15), which the Court shall grant. Petitioner has filed his Response, and the Court now considers whether dismissal of Petitioner's claims is appropriate.

**I.**

**MOTION FOR PARTIAL SUMMARY DISMISSAL**

A.   **Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is

MEMORANDUM ORDER  1

considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1281 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

**B.     Background**

Petitioner pled guilty to one count of burglary in Twin Falls County. At sentencing, the State recommended a ten-year sentence that would run consecutive to a sentence that had been imposed in Cassia County. After the State made its recommendation, Petitioner moved to withdraw his plea, arguing that he thought the State had agreed to recommend a sentence of two years fixed with four years indeterminate. The district court denied Petitioner's motion and sentenced him to a term of eight years fixed with two years indeterminate, to run consecutive to the Cassia County sentence. *See State's Exhibit B-3*. Thereafter, Petitioner filed a direct appeal and a post-conviction action. *See State's Exhibits B-1 through B-6, and C-1 through D-9*.

Petitioner filed his federal Habeas Corpus Petition on August 26, 2005, asserting five claims: (1) trial counsel entered into a plea agreement that was recorded with his client in writing but not adhered to by the sentencing court and not knowingly or willingly made; (2) trial counsel deliberately misled the sentencing court by stating he knew nothing of the plea agreement with his client, even though counsel had signed it; (3) trial counsel told the sentencing court that he knew nothing of his client's plea agreement and, as a result, violated counsel's duties as an attorney under Idaho Code § 3-201; (4) the trial court required Petitioner's trial attorney to represent Petitioner despite being advised by counsel that a conflict existed; (5)(a) counsel failed

MEMORANDUM ORDER  2

to raise issues of ineffective counsel on direct appeal, post-conviction, and on appeal from dismissal of the post-conviction matter; and 5(b) appellate and post-conviction counsel refused to establish a full and proper record of the plea bargain arrangement and refused to cite Idaho law violations or violations of ethics as defined by the Idaho State Bar or American Bar Association for trial counsel's negligence and moral turpitude. *Petition*, at pp. 4–5 (Docket No. 1).

## C.     Discussion

Respondent first asserts that Claims One, Three, Four, and Five are procedurally defaulted. *Respondent's Brief in Support of Motion for Partial Summary Dismissal*, p. 5 (Docket No. 8, Att. 1). The Court examines the argument as to each claim in light of the legal standard for exhaustion and procedural default.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin*

MEMORANDUM ORDER  3

*v. Reese*, 541 U.S. 27 (2004). The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issue, the federal claim is not fairly presented." In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing." *Id.* at 1000 (citing *Baldwin*).

Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093–94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: (1) a showing of adequate

MEMORANDUM ORDER  4

legal cause for the default *and* prejudice arising from the default; or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Finally, when the federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

    1.    <u>Claim One</u>

Claim One is that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial counsel entered into a plea agreement that was recorded with his client in writing but not adhered to by the sentencing court and not knowingly or willingly made. This claim attempts to track the issues presented in Petitioner's direct appeal, where he argued that (1) the state breached its plea agreement; and (2) the district court erred in denying his motion to withdraw his guilty plea. *State's Exhibit B-1*, at p. 1. The Court will address each subpart of this claim.

        *a.*    *Claim One(a) - Breach of Plea Agreement*

On direct appeal before the Idaho Court of Appeals, Petitioner argued that a plea agreement was not honored by the prosecution in his case, relying on *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct. App. 1985), which in turn relied on *Santobello v. New York*, 404 U.S. 257 (1971). *See State's Exhibit B-1*, at pp. 6–8. Petitioner's petition for review before the Idaho Supreme Court included this claim. *State's Exhibit B-5*.

MEMORANDUM ORDER  5

Based upon the briefing on direct appeal, the Court concludes that Petitioner's *Santobello* claim was fairly presented as a federal due process claim to the Idaho Court of Appeals and the Idaho Supreme Court. However, the appeal did not mention an ineffective-assistance-of-counsel claim; therefore, that portion of Claim One(A) is procedurally defaulted. Because Petitioner may proceed on this claim on the merits, the Court does not consider whether Petitioner has an excuse for his procedurally-defaulted ineffective-assistance-of-counsel claim regarding the *Santobello* issue.

Petitioner is advised that when the Court considers the merits of the *Santobello* claim, it must give deference to the factfinding of the state courts unless Petitioner can meet the standard set forth in 28 U.S.C. § 2254(e). In this instance, the state court determined that there was no plea agreement. If there is no plea agreement, the state cannot breach a plea agreement, and there is no viable *Santobello* claim.

      b.  *Claim One(b) - Court's Failure to Allow Withdrawal of Plea*

On direct appeal, Petitioner's argument that the trial court erred in not allowing him to withdraw his guilty plea centered on a state law discretionary standard. *See State v. Johnson*, 120 Idaho 408, 816 P.2d 364 (Ct. App. 1991) ("Appellate review of the denial of a motion to withdraw a guilty plea is limited to an evaluation of whether the district court exercised sound judicial discretion as distinguished from arbitrary action."). *See State's Exhibit B-1*, at pp. 12–16. No constitutional standard was argued, and therefore that portion of Claim One(b) is procedurally defaulted. In addition, this Court cannot review a state law issue such as abuse of discretion in a federal habeas corpus matter; therefore, that part of Claim One(b) is not cognizable.

MEMORANDUM ORDER  6

2. Claim Two

Claim Two—that trial counsel deliberately misled the sentencing court by stating he knew nothing of the plea agreement with his client, even though counsel had signed it—is not presently at issue in this motion. *See Respondent's Motion for Partial Summary Dismissal*, p. 5 (Docket No. 8).

3. Claim Three

Claim Three is that Petitioner's trial counsel was ineffective when he told the sentencing court that he knew nothing of his client's plea agreement and violated counsel's duties as an attorney under Idaho Code § 3-201. The only ineffective-assistance-of-counsel issue presented on appeal of the dismissal of Petitioner's post-conviction petition was "whether or not his plea was knowingly and voluntarily entered into in light of his trial counsel's representation to him that a plea agreement existed when, in fact, one did not exist." *State's Exhibit D-1*, at p. 1. The Court will liberally construe Petitioner's Claim Three to include this particular ineffective assistance of counsel claim. In his post-conviction appellate brief, Petitioner cited *Strickland v. Washington*, 466 U.S. 668 (1984), as the governing law. Petitioner also addressed this issue in his petition for review before the Idaho Supreme Court. *State's Exhibit D-7*, at pp. 7–8. Therefore, this issue has been properly exhausted, and Petitioner may proceed upon it in this federal habeas corpus action.

The Idaho Court of Appeals' decision that this claim was barred by res judicata does not prevent the claim from being properly exhausted. In rejecting this claim, the court noted: "Because Cantu raises an issue *already decided by this Court*, the doctrine of res judicata applies." *State's Exhibit D-5*, at p. 4 (emphasis added). A state court's invocation of res judicata to reject a claim under these circumstances "simply means that the state courts have

MEMORANDUM ORDER  7

already resolved the matter and want nothing more to do with it." *See Porter v. Gramley*, 112 F.3d 1308, 1315–16 (7th Cir. 1997) (holding that a state court's reliance on res judicata does not result in a procedural default); *accord Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004).[1]

    4.    <u>Claim Four</u>

Claim Four is that the trial court required Petitioner's trial attorney to represent Petitioner despite being advised by counsel that a conflict existed. This issue was not presented to the Idaho Court of Appeals or Idaho Supreme Court.[2] Therefore, it is procedurally defaulted. *See State's Exhibit D-5*, at p. 2.

    5.    <u>Claim Five</u>

        a.    *Claim Five(a)*

Claim Five(a) is that Petitioner's attorneys performed ineffectively on direct appeal, in the post-conviction action, and on appeal from dismissal of the post-conviction action. The Court first concludes that the portions of Claim Five(a) regarding ineffective assistance of counsel in the state post-conviction action are not cognizable. Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings; thus, such a claim cannot be the basis for habeas corpus relief. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) (holding that

---

[1] This is in contrast to a situation in which a state court uses the term "res judicata" to mean that because a litigant could have raised a claim in a prior proceeding, but did not, he is prohibited from litigating the claim in a subsequent proceeding. In the habeas context, it is perhaps more precise to refer to this as a forfeiture of the claim, which can serve as a procedural default. *See Stevens v. Zant*, 968 F.2d 1076, 1088–89 (11th Cir. 1992) (discussing this distinction); *see also Green v. French*, 978 F. Supp. 242, 252 (D.N.C. 1997).

[2] In his post-conviction brief, Petitioner stated that he was not seeking appellate review of the district court's decision not to hold a hearing on his counsel's conflict of interest. *See State's Exhibit D-1*, at n.1. The appellate court noted that the conflict-of-interest claim was not presented on appeal. *See State's Exhibit D-5*, at n.1.

MEMORANDUM ORDER  8

there is no constitutional right to counsel during state habeas proceedings even if that was the first forum in which a defendant could challenge the constitutional competence of counsel).

The remaining portion of Claim Five(a) is that appellate counsel did not adequately raise issues of ineffective assistance of trial counsel on direct appeal.  Petitioner fails to articulate any particular claim that should have been raised on direct appeal, other than the issue set forth in Claim Five(b) below, but he generally articulates his dissatisfaction with appellate counsel's performance.  This claim is too vague to be actionable.

Summary dismissal of a habeas corpus petition is appropriate "where the allegations in the petition are vague or conclusory."  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The concept of "notice pleading" has been rejected in the context of habeas corpus petitions.  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (citing Rule 4, Rules Governing Section 2254 Cases advisory committee's note).  Rather, a habeas corpus petition "should set out substantive facts that will enable the court to see a real possibility of constitutional error.  Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence."  *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (cited and quoted in Rule 4, Rules Governing Section 2254 Cases  advisory committee's note).  Therefore, Claim Five(a) is subject to dismissal.

    b.  *Claim Five(b)*

Claim Five(b) is that appellate and post-conviction counsel refused to establish a full and proper record of the plea bargain arrangement and refused to cite Idaho law violations or Idaho State Bar and American Bar Association ethical violations in support of an ineffective-assistance-of-counsel claim.  *Petition*, at pp. 4–5 (Docket No. 1).  Again, Petitioner cannot challenge post-conviction counsel's actions on habeas corpus review.

MEMORANDUM ORDER  9

As for the claim that counsel on direct appeal failed to establish a record of the plea bargain arrangement, it is procedurally defaulted because it was not presented on appeal.

**D.     Conclusion**

Petitioner may proceed on the following claims: Claim One(a), a claim that the trial court erred in failing to require the prosecution to honor its plea bargain agreement, based on *Santobello v. New York*, 404 U.S. 257 (1971); and Claim Three, construed as a ineffective-assistance-of-counsel claim of "whether or not his plea was knowingly and voluntarily entered into in light of his trial counsel's representation to him that a plea agreement existed when, in fact, one did not exist, " based on *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner may also proceed on Claim Two, that trial counsel deliberately misled the sentencing court by stating he knew nothing of the plea agreement with his client, which was not at issue in the present motion.

Petitioner may not proceed on the following claims because they are not cognizable in a federal habeas corpus action: the portion of Claim Three challenging post-conviction counsel's actions and portions of Claim Five(a) and Five(b) challenging counsel's action in post-conviction action in district court and on appeal.  Also, Plaintiff may not proceed on the remaining portion of Claim Five(a), that direct appeal counsel failed to raise the claim of ineffective assistance of trial counsel, because this claim fails to provide any supporting facts and is too vague to be actionable.

The following claims are procedurally defaulted, and Petitioner may not proceed on them absent a showing of cause and prejudice or actual innocence: Claim One(a), that the court erred in not allowing withdrawal of the plea based upon a constitutional argument; Claim Three, construed as an ineffective-assistance-of-counsel claim that Petitioner's trial counsel told the

 MEMORANDUM ORDER  10

sentencing court that he knew nothing of his client's plea agreement and violated counsel's duties under state law;[3] Claim Four, that the trial court required Petitioner's trial attorney to represent Petitioner despite being advised by counsel that a conflict existed; and Claim Five(b), that appellate counsel refused to establish a full and proper record of the plea bargain arrangement and failed to cite various relevant provisions of law.

E.     **Appointment of Counsel**

The state district court did not allow Petitioner to have an evidentiary hearing on his claim that counsel was ineffective for representing to Petitioner that a plea bargain existed, causing Petitioner's guilty plea to fail the voluntary-and-intelligent benchmark. Seeing as such, the Court will appoint counsel in this case to brief the remaining issues and, if necessary, to request an opportunity to conduct discovery and have an evidentiary hearing. Counsel can also determine whether any facts exist to support assertion of cause and prejudice or actual innocence to excuse the default of the other claims. The Court appoints Attorney Sheryl Musgrove from the CJA panel to represent Petitioner.

---

[3] The Court previously informed Petitioner that ethical violations by counsel may be relevant when determining whether his representation violated Petitioner's Sixth Amendment rights, *see, e.g.*, *U.S. v. Zackson,* 6 F.3d 911, 920 (2d Cir. 1993), but they do not constitute an independent basis for habeas relief under § 2254. *See* 28 U.S.C. § 2254(a) (explaining that a district court may entertain a § 2254 habeas petition only on the ground that petitioner's custody violates "the Constitution or laws or treaties of the United States.").

## II.

## ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Judgment (Docket No. 8) is GRANTED in part and DENIED in part, as follows:

1. Petitioner may proceed on the following claims:

    a. Claim One(a), construed as a *Santobello* claim;

    b. Claim Three, construed as a ineffective assistance of counsel claim of "whether or not his plea was knowingly and voluntarily entered into in light of his trial counsel's representation to him that a plea agreement existed when, in fact, one did not exist, " based *Strickland*; and

    c. Claim Two, which was not at issue in the present motion.

2. The following claims are dismissed for failure to state a claim upon which relief can be granted:

    a. the portions of Claim Three, Five(a) and Five(b) challenging post-conviction counsel's actions and

    b. the portion of Claim Five(a) vaguely stating that direct appeal counsel failed to raise trial counsel's ineffectiveness.

3. Claims One(b), Four, and Five(b) are procedurally defaulted, and Petitioner may not proceed on these absent a showing of cause and prejudice or actual innocence.

IT IS FURTHER HEREBY ORDERED that Petitioner's Second Motion for Extension of time to File Response (Docket No. 15) is GRANTED.  The Court has considered Petitioner's Response filed April 20, 2006 (Docket No. 16).

MEMORANDUM ORDER  12

IT IS FURTHER HEREBY ORDERED that Sheryl Musgrove from the Court's CJA panel is appointed counsel for Petitioner.  Both counsel shall confer and may stipulate as to discovery and an evidentiary hearing; if no stipulation can be reached, counsel may file a motion.



DATED:  **August 8, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM ORDER  13